**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KHALIL KHOLI** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 07-346S** |
| | : | |
| **A.T. WALL** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

Now comes the State of Rhode Island, by and through its attorneys, and, for the reasons expressed in the accompanying memorandum, respectfully moves to dismiss Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.*

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, I hereby certify that on the 21st day of September, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Khalil Kholi, Pro Se, P.O. Box 8274, Cranston, RI 02920 on the same date.

/s/ Aaron L. Weisman

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KHALIL KHOLI** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 07-346S** |
| | : | |
| **A.T. WALL** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS "PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY"**

In December of 1995, Petitioner was convicted in the Providence (Rhode Island) County Superior Court of a number of counts of child sexual molestation. Those convictions were affirmed by the Rhode Island Supreme Court in February of 1996. States v. Kholi, 672 A.2d 429 (R.I. 1996).[1] Mr. Kholi subsequently filed, in May of 1997 in the Rhode Island Superior Court, an application for post-conviction relief, challenging his December 1995 judgments of conviction. The Superior Court (Fortunato, J.) denied the post-conviction relief application in April of 20*03*, and the Supreme Court, on December 14, 2006, affirmed such denial in Kholi v. Wall, 911 A.2d 262 (R.I. 2006). Petitioner's instant attack upon his judgment of conviction raise six claims (three ineffective assistance of counsel claims, a defective indictment claim, an innocence

[1] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not possess any transcripts from this case. With rare exception, the Department of Attorney General does not copy the official transcripts prepared in connection with the appeal of a judgment of conviction to the Rhode Island Supreme Court. Copies of the transcripts on file in state court could be furnished upon request; the amount of time it would take to furnish the transcripts would depend on whether the file is located at the state court clerk's office or whether the clerk previously transferred the file to an off-site records center for long-term storage.

claim, and a discovery claim), at least three of which Petitioner acknowledges he has never presented to any Rhode Island Court. (*Kholi's Petition for Relief From a Conviction or Sentence By a Person in State Custody* at 6 (ground one never presented to State Court), 8 (ground two never presented to State Court), 9 (ground three never presented to State Court).) Because Petitioner's 28 U.S.C. § 2254 application is, in any event, time barred, the State has moved that this Honorable Court dismiss the application.[2]

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254, which in this case runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Congress has allowed the one-year limitations period to be tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See, e.g.*, Neverson v. Bissonnette, 261 F.3d 120, 124 (1st Cir. 2001).

In analyzing a statute-of-limitations claim, this Court must determine three things: (1) on what date the statute of limitations began to run with respect to petitioner's habeas petition; (2) on what date the limitations period expired; and (3) whether any tolling of

[2] Although a claim of "actual innocence" might allow for the equitable tolling of an otherwise time-barred habeas corpus petition, and although one of the Petitioner's claims is that he "is innocent of all crimes charged" (*Kholi's Petition for Relief From a Conviction or Sentence By a Person in State Custody* at 11), because equitable tolling is only appropriate for a claim of actual innocence when such a claim is supported by new reliable evidence of actual innocence (*see* Schlup v. Delo, 513 U.S. 298, 324 (1995)), and even Petitioner in this case does proffer the existence of such evidence, the instant time-barred application cannot be equitably tolled on the basis of Petitioner's mere bald assertion that he "is innocent of all crimes charged" (*Kholi's Petition for Relief From a Conviction or Sentence By a Person in State Custody* at 11).

that limitations period occurred along the way. When applied to the facts at bar, this inquiry reveals that Petitioner's instant 28 U.S.C. § 2254 application is indeed time barred.

**1. *Date Period Began To Run***

In this case, petitioner's judgment of conviction became final under Rhode Island law on March 12, 1996, when, Petitioner not having filed a Petition for reargument from the Rhode Island Supreme Court's February 29, 1996 decision affirming Mr. Kholi's judgments of conviction, the case was remanded from the Supreme back to the Superior Court. The judgment of conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) some ninety days later, on or about June 12, 1996, when petitioner's time for seeking a writ of certiorari from the United States Supreme Court expired. ***See, e.g.,*** Lock v. Saffle, 237 F.3d 1269, 1271-73 (10th Cir. 2001); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). ***See also*** David v. Hall, 318 F.3d 343, 345 (1st Cir. 2003)("Thus, if [petitioner] had been convicted after trial and fought his conviction through the [state supreme court], he would automatically have gotten the benefit of the additional 90 days for seeking certiorari—that is, those days would have been excluded from the one-year [limitations] period ….").

**2. *Date Period Expired***

The one-year limitations period provided for by the AEDPA normally would have expired with respect to petitioner's case on or about June 12, 1997, one year after the time for seeking review of his conviction had elapsed. ***See, e.g.,*** David, 318 F.3d at 344. ***See*** 28 U.S.C. § 2244(d)(1).

**3. *Tolling under 28 U.S.C. § 2244(d)(2)***

Petitioner's habeas petition was not filed until September 5, 2007,[3] more than ten years after the one-year limitations period expired. Therefore, unless the limitations period is tolled pursuant to 28 U.S.C. § 2244(d)(2), petitioner's habeas petition in this case was clearly untimely. The issue thus becomes whether the state court PCR action tolled the statute of limitations.

**(a) *state court PCR action***

Petitioner did not file his state court PCR action until May 7, 1997, some 329 days after the time for seeking certiorari review of his conviction had expired. Thus, 329 days of the one-year statute of limitations elapsed before tolling began. Petitioner's filing of his state-court post-conviction relief action tolled the remaining 36 days of the limitations period until the Rhode Island Supreme Court denied petitioner's appeal of the Superior Court's denial of his post-conviction relief application on December 14, 2006. (*See* Donovan v. Maine, 276 F.3d 87, 92 (1st Cir. 2002)(under § 2244(d)(2), state court post-conviction relief action tolled statute of limitations until date state appellate court entered judgment).)

**(b) *federal court habeas petition***

As noted above, the limitations clock in this case was tolled until December 14, 2006 by petitioner's state-court PCR action. It began running again the next day,

[3] The State has assumed that petitioner "filed" his application by putting it in the prison mail system. *See* Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999) (per curiam) (regarding application of mail box rule to pro se habeas petition under 28 U.S.C. § 2254).

December 15, 2006, with 36 days left on the clock.[4] Without further tolling, the limitations period was set to expire on January 22, 2007. Petitioner filed his federal habeas petition on September 5, 2007, obviously many months beyond the remaining thirty-six days.

Wherefore, the instant *Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus Filed by a Person in State Custody* is time barred, and the State would respectfully ask that it be dismissed for this reason.[5]

---

[4] The limitations clock began running again on petitioner's habeas claims as of December 15, 2006, ***regardless*** of the fact that petitioner had three months after that date to seek certiorari review of his PCR action from the United States Supreme Court. David v. Hall, 318 F.3d at 345 (ninety-day certiorari period for seeking United States Supreme Court review of a state court post-conviction judgment ***does not*** toll the statute of limitations).

[5] In so requesting, the State is cognizant of the fact that the Petition may be defective for other reasons as well, most prominently, that a number of the issues raised have not been exhausted by Petitioner in State Court, as required by habeas corpus law.

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman

**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, I hereby certify that on the 21st day of September, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Khalil Kholi, Pro Se, P.O. Box 8274, Cranston, RI 02920 on the same date.

/s/ Aaron L. Weisman