UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KHALIL KHOLI | : | |
| | : | |
| v. | : | C.A. No. 07-346S |
| | : | |
| A.T. WALL | : | |

**ORDER**

Currently pending before me for report and recommendation is the State's Motion to Dismiss this Habeas Corpus Petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). (Document No. 4). Petitioner has filed an Objection to the Motion. (Document No. 7).

After my initial review of the pleadings, it appears that the dispositive issue on the State's Motion to Dismiss is whether the applicable limitations period was tolled by Petitioner's State Court Motion to Reduce Sentence filed pursuant to R.I. Super. Ct. R. Crim. P. 35. The Motion to Reduce was apparently filed in Superior Court on May 16, 1996, and the denial of such Motion was affirmed by the Rhode Island Supreme Court on January 16, 1998. See State v. Kholi, 706 A.2d 1326 (R.I. 1998).

In particular, the dispositive issue is whether Petitioner's Rule 35 Motion to Reduce Sentence is considered a "properly filed application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2). If so, this Habeas Corpus Petition is timely filed. If not, it is time barred and should be dismissed.

My initial research indicates that this legal issue has not yet been squarely addressed by the First Circuit or this Court. See Smith v. Wall, C.A. No. 06-553ML, Report and Recommendation (Hagopian, Sr. M.J., July 13, 2007). Other Federal Courts are apparently split on the issue.

Compare Hartmann v. Carroll, 492 F.3d 478 (3rd Cir. 2007) (finding that a Rule 35(b) Motion under Delaware's Rules of Criminal Procedure seeking leniency does not toll the limitation period of § 2244(d)(1)); Walkowiak v. Haines, 272 F.3d 234 (4th Cir. 2001) (finding West Virginia's R. Crim. P. 35(b) did not constitute "state post-conviction or other collateral review" under § 2244(d)(2)); LeDoux v. Dennehy, 327 F. Supp. 2d 97 (D. Mass. 2004) (Motion to Revise and Revoke Sentence pursuant to Massachusetts Rules of Criminal Procedure 29 is not a post-conviction or other collateral review under § 2244(d)(2)); and Bland v. Hall, 2002 U.S. Dist. Lexis 8976 (D. Mass. 2002) (same) with Robinson v. Golder, 443 F.3d 718 (10th Cir. 2006) (finding Colorado R. Crim. P. 35(b) tolled the limitation period of § 2244(d)(1); Howard v. Ulibarri, 457 F.3d 1146 (10th Cir. 2006) (finding New Mexico's R. Crim. P. 35(b) tolled the limitation period of § 2244(d)(1); and Story v. Roper, 2007 WL 957313 (E.D. Mo. 2007) (finding various motions attacking the underlying criminal judgement tolled limitation under § 2244 (d)(2)).

The State did not directly address this legal issue in its Memorandum in Support of its Motion to Dismiss. Accordingly, the State is hereby ORDERED to submit a Supplemental Memorandum of Law addressing this legal issue by November 9, 2007. Petitioner may respond by November 23, 2007. The State is also ORDERED to submit a copy of Petitioner's Rule 35 Motion to Reduce Sentence as an Exhibit to its Supplemental Memorandum.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 18, 2007