**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KHALIL KHOLI** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 07-346S** |
| | : | |
| **A.T. WALL** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S SUPPLEMENTAL MEMORANDUM OF LAW**

Pursuant to this Honorable Court's October 18, 2007 *Order* in the above-captioned matter, the State hereby address the legal issue as to "whether Petitioner's [May 16, 1996] Rule 35 Motion to Reduce Sentence is considered a 'properly filed application for state post-conviction or other collateral review' under 28 U.S.C. § 2244(d)(2)." *Order* at 1.

28 U.S.C. § 2244(d)(2) provides that the one-year limitations period prescribed in § 2244(d)(1) may be tolled as follows: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." On May 16, 2006, Petitioner filed, in the Rhode Island Superior Court, a *Motion to Reduce Sentence* "in accordance with the provisions of Rule 35 of the Rules of Criminal Procedure of the Superior Court". (Attached as Exhibit.) This Rule 35 Sentence reduction motion was plainly directed to the Superior Court's Rule-35 discretion to reduce sentence, and was, as is standard practice in Rule 35 submissions, a "plea for leniency". (*Please see* the Prebriefing Statement filed by Defendant, in the Rhode Island Supreme Court, on appeal of the Superior Court's denial of his Rule 35 motion at 4 ("A motion to reduce is a plea for leniency, and the hearing judge may reduce a sentence if s/he decides

that the original sentence imposed was, for any reason, too severe."), at 1-2 (stating that, in advancing to the Superior Court his Rule 35 argument, letters from friends and coworkers of the Defendant were forwarded to the trial justice).) Because a Rule 35 "plea for leniency" is not a ***legal*** attack upon a defendant's judgment of conviction and/or sentence, and because no comity concerns would have moved Congress to permit tolling for such a discretionary state court leniency-plea, the State would respectfully submit that Petitioner Kholi's Rule 35 motion can in no proper way be deemed an "application for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2).

As the United States Court of Appeals for the Third Circuit persuasively explained just last month in Hartmann v. Carroll, 492 F.3d 478, 482-84 (3rd Cir. 2007):

> Here *** we have a state court proceeding that is not attacking the lawfulness of the conviction or of the sentence. The motion here is for a discretionary exercise of leniency by the sentencing judge-leniency despite a conviction and a sentence which are not claimed to be invalid.
>
> We are aware of three other federal courts of appeals that have considered this question. Their opinions are discordant. The Fourth Circuit has held that a motion for reduction of sentence under West Virginia Rule of Criminal Procedure 35(b) is not an "application for State post-conviction or other collateral review" capable of tolling the limitations period under 28 U.S.C. § 2244(d)(2). Walkowiak v. Haines, 272 F.3d 234, 239 (4th Cir.2001). The Fourth Circuit reasoned that a motion for reduction of sentence on grounds of leniency cannot qualify as seeking review collateral to the original proceeding because (1) the review procedures are not "separate and distinct" from the original and (2) the prisoner does not allege that any legally cognizable error was committed. ***See*** Walkowiak, 272 F.3d at 237-38. We agree with the Fourth Circuit that for an application to be for "post-conviction or other collateral review," the applicant must seek review that is collateral to the original judgment.
>
> Similarly, the Eleventh Circuit has held that a prisoner does not toll the limitations period pursuant to § 2244(d)(2) by requesting review of his or her sentence pursuant to section 17-10-6 of the Georgia Code, which provides for review by a three-judge panel to determine whether the sentence imposed was "excessively harsh."

Bridges v. Johnson, 284 F.3d 1201, 1203-04 (11th Cir.2002). The court concluded that a judicial review procedure for determining whether a sentence is excessively harsh does not toll the limitations period of § 2244(d)(1) "because it does not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought." ***Bridges,*** 284 F.3d at 1203.

The Tenth Circuit, however, has determined that the limitations period ***is*** tolled pursuant to § 2244(d)(2) by a motion for reduction of sentence under Colorado Rule of Criminal Procedure 35(b), Robinson v. Golder, 443 F.3d 718, 720-21 (10th Cir.2006), and by a motion for modification of sentence under New Mexico Rule of Criminal Procedure 5-801(B). Howard v. Ulibarri, 457 F.3d 1146, 1149-50 (10th Cir.2006). The Tenth Circuit based its decisions on comity because the state court had retained jurisdiction of the leniency proceeding during its pendency. We note, however, that the language of § 2244(d)(2) specifies that the section is tolled only by "state post-conviction or other collateral review"-not by just any pending state court proceeding. For that reason, we are not persuaded by the reasoning of the Tenth Circuit.

Moreover, Congress, in enacting AEDPA, intended to further principles of comity, finality, and federalism, which are promoted in large part through the requirement, set forth in 28 U.S.C. § 2254(b), that state remedies be exhausted before seeking federal review. Duncan v. Walker, 533 U.S. 167, 178, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001); Williams v. Taylor, 529 U.S. 420, 436, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). As such, the Supreme Court repeatedly has explained that courts are to evaluate the tolling rules of 28 U.S.C. § 2244(d) together with the exhaustion requirement. Specifically, we are instructed to seek a construction of § 2244(d)(2) which "promotes the exhaustion of state remedies while respecting the interest in the finality of state court judgments." Duncan, 533 U.S. at 178, 121 S.Ct. 2120. The exhaustion requirement, in turn, "ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." ***Id.*** at 178-79, 121 S.Ct. 2120. Obviously, when a prisoner in state custody opts to file a motion for discretionary leniency, the state is not being asked to correct errors of legal moment. Whatever interest the state has in deciding the motion, its interest is not one in correcting errors before the federal courts assume jurisdiction.

This understanding is confirmed by the Supreme Court's recent pronouncement that "AEDPA's exhaustion provision and tolling provision work together." Lawrence v. Florida, --- U.S. ----,

> 127 S.Ct. 1079, 1083, 166 L.Ed.2d 924 (2007). Where the goals of exhaustion end, the need for tolling recedes. Moreover, were we to hold that the optional Delaware Rule 35(b) motion has the effect of tolling the limitations period of § 2244(d)(1), we might create an incentive for prisoners to file frivolous requests for leniency merely as a delay tactic. ***Cf. id.*** at 1085. Finally, even though AEDPA's tolling provisions may embrace goals other than exhaustion, such as comity and the desire to avoid simultaneous litigation, tolling for a leniency petition does not advance those goals. Accordingly, we conclude that a motion for sentence reduction properly filed pursuant to Delaware Superior Court Criminal Rule 35(b) does not have the effect of tolling the limitations period set forth in 28 U.S.C. § 2244(d)(1). During the pendency of Hartmann's Rule 35(b) motion, the statutory limitations clock of § 2244(d)(1) continued to run, rendering his federal habeas application untimely.

(Hartmann v. Carroll, 492 F.3d 478, 482-84 (3rd Cir. 2007).)

*See also* Ethridge v. Kemp, 2006 WL 2374767, * 2, n. 4 (M.D.Ga.)(adopting rationale of Fourth and Eleventh Circuits and "conclu[ding] that Ethridge's pursuit of a modification of his sentence with the original sentencing judge did not toll his AEDPA statute of limitations."); Storey v. Roper, 2007 WL 957313, * 3 (E.D.Mo.)(holding that "other collateral review", within the meaning of 28 U.S.C. § 2244(d)(2), does not embrace motions which "do not attack the judgment"); and Bryant v. Schriro, ___ F.3d ___, 2007 WL 2410173, n. 3 (9th Cir., August 27, 2007)(citing the 4th Circuit's decision in Walkowiak v. Haines, 272 F.3d 234, 236-37 (4th Cir. 2001), to hold that because "motion to recall the mandate was directed to direct review", such motion did not "toll[] the statute of limitations").

The State would respectfully submit, then, that because Petitioner's May 16, 2006 Rule 35 motion was not any sort of legal attack upon the validity of his conviction (but was merely a "plea for leniency"), that there would have been no comity-based rationale for Congress to have permitted tolling with respect to such Rule 35 motions, and because

three of the four federal courts of appeal to have addressed the issue would not grant tolling with respect to such sentence-reduction motions, Petitioner's Rule 35 Motion to Reduce Sentence was plainly not a "properly filed application for state post-conviction or other collateral review", so as to permit tolling of § 2244(d)(1)'s limitation period.

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Aaron L. Weisman
________________________________
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, I hereby certify that on the 24th day of October, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and I also certify that I placed a copy of the within document in the U.S. mail, postage prepaid, to Khalil Kholi, Pro Se, P.O. Box 8274, Cranston, RI 02920 on the same date.

/s/ Aaron L. Weisman