EXHIBIT B.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPREME COURT

STATE OF RHODE ISLAND

v. No. 97-439-C.A.

KHALIL KHOLI

On Appeal From Providence Superior Court's
Denial Of A Motion To Reduce Sentence

# PREBRIEFING STATEMENT OF THE DEFENDANT/APPELLANT

Appellate Division
OFFICE OF THE PUBLIC DEFENDER
100 North Main Street
Providence, Rhode Island 02903

Travel of the Case

In December of 1993, Khalil Kholi was found guilty by a jury of ten counts of first-degree sexual assault upon his two stepdaughters. On February 28, 1994, Justice Wiley, the trial judge, sentenced Mr. Kholi to life imprisoment on Counts 1-6, to run concurrently, and to life imprisonment on Counts 7-10, to run concurrently with each other but consecutively to the sentences imposed on Counts 1-6.

Mr. Kholi appealed his convictions, which appeal was denied by this Court. State v. Kholi, 672 A.2d 429 (R.I. 1996). Within 120 days of the denial of his appeal, Mr. Kholi filed in the Superior Court a motion to reduce his sentences, pursuant to Super.R.Crim.P. 35. That motion was heard and denied by Justice Gemma on August 27, 1996.

A notice of appeal from the denial of the motion to reduce was filed on September 13, 1996, and the appeal was docketed in this Court on September 9, 1997.

Statement of Facts and Issue on Appeal

Mr. Kholi was convicted of sexually assaulting his two stepdaughters on multiple occasions for over ten years. The salient testimony presented at trial is set forth in this Court opinion issued in Mr. Kholi's direct appeal from his convictions, and Mr. Kholi will not reiterate those facts here.

At the hearing before Judge Gemma on the motion to reduce, defense counsel pointed out that Mr. Kholi was, at the time, fifty-four years old. The earliest opportunity for Mr. Kholi to even be considered for parole would be after he had served thirty years. Prior to the convictions in this case, Mr. Kholi had never been in any trouble with the law and presented for Judge Gemma's consideration a number of letters from family, friends, and former employers written on his behalf. Defense counsel asked Judge Gemma, at the very least, to

order the life sentences to run concurrently.

By the time Mr. Kholi filed his motion to reduce, Justice Wiley, the trial judge, had retired from the Superior Court and would not return to hear the motion. Instead, the motion was presented to Judge Gemma for consideration. Nonetheless, Judge Gemma decided to seek input from retired Justice Wiley regarding the motion to reduce. As Judge Gemma stated:

> The Court has reviewed the letters that were submitted on the defendant's behalf; but most importantly, the Court had occasion to speak to Judge Wiley about his feelings on this case. If Judge Wiley were not retired, he would be deciding this motion, so I thought it was appropriate that I speak to Judge Wiley just to get his feelings as to what he would do if he were sitting reviewing the defendant's motion to reduce his sentence. Judge Wiley indicated to me that he has a very vivid memory of this case and he thought that a sentence of consecutive life was appropriate. If Judge Wiley were sitting, he told me that he would deny the defendant' motion to reduce his sentence.

TT 6-7 (emphasis supplied).

Mr. Kholi submits that, contrary to Judge Gemma's view, it was not appropriate for him to solicit retired Justice Wiley's opinion regarding whether to grant the motion to reduce. From Judge Gemma's comments it seems that, in effect, retired Justice Wiley decided that motion without Mr. Kholi ever having an opportunity to present his case to him.

Both Rule 35 and common, longstanding practice in the Superior Court, provide a defendant with an opportunity to advocate for his or her position to the judge who will be deciding the motion, which, in the normal course, will be the same judge who originally sentenced the defendant. It simply is not fair, in cases such as Mr. Kholi's, for the trial justice in effect to rule on the motion in abstentia. Mr. Kholi never had an opportunity to address the merits of his motion before Justice Wiley. Defense counsel never had an opportunity

to present information to Justice Wiley for his consideration and also never had a chance to address Justice Wiley's apparent reluctance to grant the motion to reduce, even if just to order that the life sentences be served concurrently, instead of consecutively.[1]

Mr. Kholi contends that, if retired Justice Wiley was available for an ex parte consultation with Judge Gemma, Justice Wiley should have been available to hear the motion to reduce itself, so that Mr. Kholi and his attorney would have access to the judge deciding the motion and have an opportunity to convince that judge that Mr. Kholi was deserving of a reduction.

With all due respect, the fact that Judge Gemma was not the trial justice and did not hear the evidence, was not sufficient reason to, in effect, defer to retired Justice Wiley's decision. The transcript of the trial was available for Judge Gemma to review and Mr. Kholi certainly would not have objected to waiting for Judge Gemma to do so before the judge made a decision on the motion to reduce.

Judge Gemma did state that he reviewed this Court's decision in Mr. Kholi's direct appeal and also had read the transcript of the sentencing hearing. If Judge Gemma felt that such review adequately informed him of the facts of the case and the impact of the offenses upon the complaining witnesses, he should have made a decision on the motion without consultation with the trial judge.

As defense counsel pointed out below, in State v. Smith, 676 A.2d 765 (R.I. 1996), this Court made it clear that, in considering a motion to reduce, the

---

1. Although this Court has held that an actual hearing in open court is not required under Rule 35, State v. Byrnes, 456 A.2d 742, 745 (R.I. 1983), in that situation, the defense at least would be able to submit a written memorandum with supporting documentation to the judge responsible for deciding the motion to reduce.

hearing justice is not bound to deny a reduction if the defendant cannot show a change of circumstances from those existing as of the original sentencing date. A motion to reduce is a plea for leniency, and the hearing judge may reduce a sentence if s/he decides that the original sentence imposed was, for any reason, too severe. Mr. Kholi submits that Judge Gemma was perfectly capable of making that determination without seeking retired Justice Wiley's input and then deferring to Justice Wiley's opinion.

In Mastracchio v. Moran, No. 95-360-C.A., 1997 WL 420443 (R.I. Slip Opinion, issued July 22, 1997), this Court held that it was improper for the trial judge to testify at Mastracchio's post-conviction hearing regarding how he would have ruled on Mastracchio's motion for new trial had he known the full extent of Peter Gilbert's activities while supposedly incarcerated at the Providence police station. This Court stated:

> The trial justice presiding at the applicant's original trial for the murder of Richard Valente was not competent to testify as he did regarding what he would or would not have done . . .

Id. at 16, n.5. Mr. Kholi submits that, for similar reasons, what retired Justice Wiley would have done with respect to Mr. Kholi's motion to reduce was not a proper consideration for Judge Gemma who actually decided it.

Conclusion

Mr. Kholi submits that the issue raised in this case is an important one, as it pertains to the appropriate procedure to be followed when the defendant files a motion to reduce sentence and the trial judge is unavailable to hear that motion personally.

Respectfully submitted,

KHALIL KHOLI

By his attorney,

Paula Rosin

PAULA ROSIN
Reg. #1871
Chief Appellate Attorney

OFFICE OF THE PUBLIC DEFENDER
100 North Main Street
Providence, Rhode Island 02903
(401) 277-3492

CERTIFICATE OF SERVICE

I hereby certify that on this day of October, 1997, I served a true copy of the within Prebriefing Statement upon the Appellate Division, Department of the Attorney General, by depositing same in the box designated for that purpose, located in the Office of the Clerk, Rhode Island Supreme Court, Licht Judicial Complex, 250 Benefit Street, Providence, RI.

______________________________