UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| KHALIL KHOLI | : | |
| | : | |
| | : | |
| v. | : | C.A. No. 07-346S |
| | : | |
| A.T. WALL | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is the Petition filed by Khalil Kholi, pro se, pursuant to 28 U.S.C. § 2254. (Document No. 1). The State of Rhode Island filed a Motion to Dismiss the Petition, arguing that Petitioner failed to exhaust his State Court remedies and that his claim is time-barred under 28 U.S.C. § 2244. (Document No. 4). Petitioner filed an Opposition to the Motion to Dismiss. (Document No. 8). The matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the memoranda submitted by the parties and considering relevant legal research, I recommend that the Motion to Dismiss (Document No. 4) be GRANTED and that the Petition (Document No. 1) be DISMISSED WITH PREJUDICE.

**Background**

In December 1995, Petitioner was convicted in Rhode Island Superior Court of ten counts of first-degree sexual assault on his two stepdaughters.[1] Petitioner was sentenced to two consecutive life sentences. On May 16, 1996, Petitioner filed a Motion to Reduce Sentence pursuant to R.I.

[1] Much of the relevant factual and procedural background to this case is set forth in the Rhode Island Supreme Court's February 29, 1996 Decision. See State v. Kholi, 672 A.2d 429 (R.I. 1996).

Super. Ct. R. Crim. P. 35(a) ("Rule 35"). His Rule 35 Motion was denied by the Superior Court, and the denial was affirmed by the Rhode Island Supreme Court ("RISC") on January 16, 1998. See State v. Kholi, 706 A.2d 1326 (R.I. 1998). On May 23, 1997, while Petitioner's Rule 35 Motion was pending in State Court, he filed an application for post-conviction relief. The Rhode Island Superior Court denied the post-conviction relief application in April 2003, and the RISC affirmed the denial on December 14, 2006. See Kholi v. Wall, 911 A.2d 262.

Following the RISC's denial of his post-conviction relief motion, Petitioner filed the present habeas corpus action on September 5, 2007,[2] claiming six grounds for relief. Grounds One, Two and Six raise ineffective assistance of counsel claims; Ground Three raises a defective indictment claim; Ground Four raises an innocence claim; and Ground Five raises a Rule 16 discovery violation claim. See Document No. 1. On September 13, 2007, District Judge Smith ordered the State to submit a response to the Petition, and the State filed its Motion and Memorandum to Dismiss on September 21, 2007. In its Motion, the State argued only that the Petition is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244. On October 18, 2007, after reviewing the parties' submissions, this Court ordered the State to submit a Supplemental Memorandum addressing the dispositive issue of whether Petitioner's Rule 35 Motion to Reduce Sentence is considered a "properly filed application for post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2) and thus tolls the limitation period. See Document No. 9.

## Discussion

[2] Although his Petition was not filed with the Court until September 12, 2007, Petitioner states that it was deposited in the prison's mail system on September 5, 2007. See Petition at 19. A pro se prisoner's motion under 28 U.S.C. § 2254 is deemed filed on the date the petition is deposited in the prison's internal mail system. See Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year statute of limitation for petitions filed under 28 U.S.C. § 2254. In Petitioner's case, the statute of limitations runs from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(l)(A). The AEDPA also provides a statutory mechanism that tolls the limitations period. That provision excludes from the limitations period, "[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review…is pending." 28 U.S.C. § 2244(d)(2); see also Neverson v. Bissonnette, 261 F.3d 120, 125 (1st Cir. 2001). Since this Petition was filed on September 5, 2007, the Court's task is to determine the operative dates, as well as the tolling effect of Petitioner's State Court Motions.

The RISC affirmed Petitioner's conviction on February 29, 1996, and the judgment became final on March 12, 1996 upon the expiration of the ten-day period for filing a Motion for Reargument in State Court. Therefore, AEDPA's limitation period began to run upon the expiration of the ninety-day period for seeking a writ of certiorari from the United States Supreme Court pursuant to Sup. Ct. R. 13. According to the docket for the United States Supreme Court, Petitioner never filed a Petition for a Writ of Certiorari, and therefore the statute of limitations began to run on June 12, 1996, ninety days after the entry of judgment. Absent any tolling, therefore, Petitioner had until June 12, 1997 to file a timely federal habeas corpus petition under 28 U.S.C. § 2244(d)(1). Because his Petition was not filed until September 5, 2007 it is time-barred unless it was tolled by a "properly filed application for [s]tate post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2).

Petitioner filed two Motions in State Court that are relevant to the Court's consideration of the limitations period. First, on May 16, 1996, Petitioner filed a Motion to Reduce Sentence pursuant to R.I. Super. Ct. R. Crim. P. 35 (a). The Rule 35 Motion remained pending until January 16, 1998. See State v. Kholi, 706 A.2d 1326. Second, on May 23, 1997, while Petitioner's Rule 35 Motion was pending, he filed an application for post-conviction relief. That Motion remained pending until December 14, 2006. See Kholi v. Wall, 911 A.2d 262. There is no dispute that Petitioner's application for post-conviction relief tolled the statute of limitations. Thus, the Court must consider whether the Rule 35 Motion also tolled the limitations period. If Petitioner's Rule 35 Motion tolled the limitations period, then the current Petition filed on September 5, 2007 is timely. However, if Petitioner's Rule 35 Motion was not a properly filed "application for [s]tate post-conviction or other collateral review," the one-year period began to run on June 12, 1996 and continued until Petitioner filed his application for post-conviction relief almost a year later on May 23, 1997, at which point there were only twenty days remaining prior to the lapse of the one-year period. Thus, if the Rule 35 Motion does not toll the limitations period, the Petition is untimely, since Petitioner would have had to file any motion in Federal Court within twenty days of December 14, 2006, or until January 4, 2007.

Several Courts of Appeals have considered whether a motion to reduce sentence tolls the limitations period. See Hartmann v. Carroll, 492 F.3d 478, 482-484 (3rd Cir. 2007). This legal issue has not yet been directly addressed by the First Circuit Court of Appeals or this Court. Therefore, the Court has examined the Appeals Courts' decisions and R.I. Super. Ct. R. Crim. P. 35(a) to determine whether a motion to reduce sentence is a "properly filed application for [s]tate post-

conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2). After a thorough review of the statute and the Appeals Court cases, this Court concludes that Petitioner's Rule 35 Motion to Reduce Sentence did not toll the one-year statute of limitations.

This Court finds persuasive the reasoning employed by the Third, Fourth and Eleventh Circuit Courts of Appeals which have found that State Court rules analogous to Rhode Island's Rule 35 did not toll the limitations period. In Walkowiak v. Haines, 272 F.3d 234 (4th Cir. 2001), for example, the Fourth Circuit Court of Appeals stated that the "plain language interpretation" of 28 U.S.C. § 2244(d)(2) requires that it be limited to post-conviction review that is "collateral." Id. at 236. The court reasoned that a motion for correction or reduction of sentence contemplates the defendant returning to the same court, and pleading for mercy before the same judge that imposed the original sentence and thus, is not "collateral" within the meaning of AEDPA. Id. at 237-238. A Rule 35 proceeding, the Court noted, is essentially part and parcel of the same proceeding in which the defendant was sentenced, and furthermore the motion does not allege any legal error, but is simply a "plea for leniency from a presumptively valid conviction." Id. at 238. See also Hartmann, 492 F.3d at 483 (noting that tolling for leniency motions does not promote exhaustion and finality of state court judgments by reducing the time in which federal review is sought); Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002) (judicial review procedure for determining if a sentence is excessively harsh does not toll the AEDPA limitations period because it "does not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought.")

The Tenth Circuit Court of Appeals has, on the other hand, held that the AEDPA limitations period is tolled by a motion for reduction of sentence under Colorado Rule of Criminal Procedure 35(b). See Robinson v. Golder, 443 F.3d 718, 720-721 (10th Cir. 2006) (noting that applications for state post-conviction relief should not be limited to those containing "constitutional challenges to the defendant's conviction."). The Tenth Circuit noted that comity dictated its holding, since State Court retains jurisdiction over a motion for leniency. The Third Circuit considered the Tenth Circuit's reasoning, and rejected it, noting that AEDPA "specifies that the section is tolled only by 'state post-conviction or other collateral review'-not by just any pending state court proceeding." Hartmann, 492 F.3d at 483. After reviewing the language of the AEDPA and considering the purpose of its tolling provision, this Court finds the Third Circuit's interpretation of the AEDPA to be better reasoned and rejects the Tenth Circuit's finding as unpersuasive.

This Court's final task is to apply this reasoning to the text of Rule 35, as well as the Petitioner's Rule 35 Motion in State Court. R.I. Super. Ct. R. Crim. P. 35(a) provides that the Court "may correct an illegal sentence at any time" and that it "may reduce any sentence when a motion is filed within one hundred and twenty (120) days after sentence is imposed." R.I. Super. Ct. R. Crim P. 35(a). The 1972 Notes state: "[t]he provision permitting a reduction of a valid sentence is intended to provide the court with an opportunity during a limited period after sentencing to exercise leniency in the event the court, for some reason, determines that the sentence imposed was unduly severe or a shorter sentence would be desirable." After reviewing the Petitioner's Prebriefing Statement, which he submitted on appeal from the Superior Court's denial of his Rule 35 Motion, it is clear, as the State argues, that Petitioner's Motion to Reduce Sentence was a "plea of leniency,"

and not a motion challenging the legal sufficiency of his sentence. The Motion states, for example, "a motion to reduce is a plea for leniency, and the hearing judge may reduce a sentence if s/he decides that the original sentence imposed was, for any reason, too severe." Document No. 10, Ex. 3.

This Court holds that Petitioner's Motion under Rule 35 of the Rhode Island Superior Court Rules of Criminal Procedure was not a "properly filed application for post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), and therefore did not toll the limitations period. In Duncan v. Walker, 533 U.S. 167, 178-179 (2001), the United States Supreme Court explained that the exhaustion requirement "ensures that the state court have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." When a prisoner in State custody opts to file a motion that is a plea for leniency, the State is not being asked to correct legal errors. Whatever interest the State has in deciding the motion, its interest is not one in correcting errors before the Federal Courts assume jurisdiction. Moreover, if this Court was to hold that the Rule 35(a) Motion has the effect of tolling the limitations period of 28 U.S.C. § 2244(d)(1), it would create an incentive for prisoners to file frivolous requests for leniency merely as a delay tactic.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 4) be GRANTED, and that the Petition (Document No. 1) be DISMISSED WITH PREJUDICE. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file

specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 11, 2007