UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Khalil Kholi

Vs C.A.NO 07-346s

A.T.WALL

MEMORANDUM IN SUPPORT OF OBJECTION
TO REPORT AND RECOMMENDATION

Now comes the Petitioner, Khalil Kholi, before this Court to argue why this Court should reject the Magistrate R+R against the Petitioner in this Memorandum in support of his motion for objection to Magistrate Almond's R+R in this case.

DISCUSSION

Since the antiterrorism and effective death penalty act (AEDPA) was put into effect all State prisoners have been pressed to expedite their Federal Rights within one year of final conviction, but provided provisions to exclude from the limitation period, "The time during which a properly filed application for state post conviction or other collateral review is pending" 28 USC § 2244 (d)(2).

The question which has not been answered by the first circuit is "does the one (1) year toll during a Rhode Island Superior Court Rule 35 Petition (sentence reduction)". The Petitioner stresses is in and of itself a delay, but to the Petitioners detriment not his benefit.

Magistrate Almond has properly pointed out that this issue has not been addressed in the First Circuit, but has been decided in others. The only problem is that Magistrate Almond has overstepped his authority pursuant to 28 USC § 636 (b(1)(B). In his misjudgment to express his own opinion on this circuit Court by his R+R as to what is the proper avenue

in the tolling of the one (1) year time limitation period of AEDPA.

The Petitioner asks this Court if he or others should give up their rights to all the legal avenues available in a State process, to partially save his, one and only chance, to press for his Constitutional Rights in the Federal Courts under § 2254, and since most Petitioner whom pursue under z 2254 are pro/se, poor and ignorant of Federal Law, they do not know of the loss of Federal legal rights, until its too late. Especially since all Attorney of the RI bar Association deal with only the RI process in what they advise their clients on and the process to be paid by the State and not the Federal § 2254 role and its usages.

By the RI judicial process that every RI citizen is placed into, when accused of a crime;

1st there is a complaint, then

2nd there is an investigation, then

3rd the RI Attorney General is involved to weigh the evidence to prosecution, then

4th The evidence is brought to a grand jury, then

5th The defendant is arraigned , then

6th The case is set for trial, then

7th The trial is conducted, then

8th The conviction is handed down, then

9th The convicted is sentenced, then

10th The convicted Appeals, and

I will expand the process here to include probable time spans involved in the appellant procedure: When the convicted properly and timely Appeals his or her conviction it takes approximately 18 months just to receive the trial transcripts and another 6 to 8 Months before the initial 10 page brief is heard by one Supreme Court Justice, to see if it should be allowed to more forward, if allowed another 6 to 8 months for a show cause hearing before a 3 judge panel of Supreme Court Justices, to see if it should go to a full brief. If a full brief is allowed there is another 5 to 8 month period of time for a 50 page brief to be presented and heard by the full RI Supreme Court (of 5 members). Then the appellant must wait for the full courts decision of 3 month to a few year. If denied, then and only then, is the convicted allowed to go on to the next step in the RI judicial system which is,

11th The convicted can now file (and must file for or loose the rights to file for) a Rule 35,Sentence Reduction

The sentence reduction must be filed for within 120 days of Supreme Court decision and can take up to one(1) year to complete, and even longer if convicted wishes to appeal (see appellant is process above) and if denied, then

12th Convicted may now file for a Post Conviction relief application.

At this stage of the RI judicial process we are basically starting a new trial and this process can take 2 to 3 years to finish and even longer if one appeals this denial.

Now and only now has the convicted satisfied the exhaustion requirement of the RI judicial system, but now Magistrate Almond has proposed that all RI State prisoners must give up part of this process to satisfy his opinion as to what procedure that RI citizens must give up to be viable to the 28 USC § 2254 of the Federal Courts, or be denied Constitutionally guaranteed rights to due process and equal rights of the 5th, 6th and 14th Amendments to the United States Constitution.

At the face value of Magistrate Almond's R+R we must conclude that the RI bar association in its wisdom and its influence, it did circumvent the US Constitution when it chose to press the current judicial system to purposefully prevent RI citizens access to the Federal Courts.

The Petitioner would press that state laws and state legal procedure are suppose to mimic federal laws and the federal legal procedures not take away from them. Especially since in this case Magistrate Almond would have this court basically condemn all RI state prisoner that did exhaust all RI state remedies and tell all others not to exhaust all remedies, which again would be a violation of the 28 USC § 2254 Rules.Let us also remember that if you do choose to skip the Rule 35 motion you loose it from your state process.

Now the Magistrate would have this Court believe that the Petitioner would delay his possible release, this inconceivable statement isn't even worth an answer. Since all this time the Petitioner has been pressing for his release and not to stay in prison !

## CONCLUSION

For the above reasons, the Petitioner would pray this Court to reject the Magistrates R+R especially since the Petitioner did not receive said R+R until 12/18/07 and asks this Court to proceed to a full Evidentray Hearing and all his properly presented issues are heard and properly ruled upon in the full interest of Justice.

12/27/07
Date

Respectfully Submitted
Khalil Kholi Pro/se
Khalil Kholi Pro/Se

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence,RI 02903, The office of A.T.Wall 40 Howard Avenue, Cranston,RI 02920 on this the SatUR day of 27 2007.

Khalil Kholi Pro/Se

Khalil kholi Pro/Se