UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Khalil Kholi

Vs C.A.NO 07-346s

A.T.WALL

MOTION FOR A

CERTIFICATE OF APPEALABILITY

Now comes the Petitioner, Khalil Kholi, before this Court to ask for a Certificate of Appealability in this case for the reasons set forth in the accompanying memorandum of law in support of this motion.

1/24/08

Date

Respectfully Submitted

Khalil Kholi pro/se

Khalil Kholi Pro/Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Khalil Kholi

Vs C.A.NO 07-346s

A.T.WALL

MEMORANDUM IN SUPPORT OF

MOTION FOR CERTIFICATE OF APPEALABILITY

Now comes the Petitioner, Khalil Kholi, before this Court in this Memorandum of law in support of his motion for a Certificate of Appealability from this Court, so he may properly appeal the denial of his 28 USC § 2254 to the First Circuit Court of Appeals.

JURISDICTION

This Court holds jurisdiction under Rule 22 of the First Circuit Court Rules.

ARGUMENT IN BRIEF

Petitioner does aver that Magistrate Almond and Justice Smith were wrong in denial of Petitioner's 28 USC § 2254 as tolling of one year Limitation under AEDPA and in its Dismissal with prejudice.

## TRAVEL OF CASE

In Dec 1995, Petitioner was convicted in Rhode Superior Court of (10) ten counts of First degree sexual assault on his two (2) stepdaughters. Petitioner was sentence to two (2) consecutive life sentence. Petitioner timely and properly Appealed said conviction. The RI Supreme Courts decision of 29 Feb, 1996 denied to overturn his conviction and he timely filed for a proper Motion to Reduce Sentence as outlined in RI General Law (RIGL). A person has 120 Days from denial of Direct Appeal to file for said Reduction.

On 16 May 1996 Petitioner filed timely and properly for a motion to reduce sentence pursuant to RI Superior Court Rules Criminal Procedure #35 (a). This Motion was denied and denial affirmed by the RI Supreme Court on 16 Jan 1998 but , while Petitioner's Rule 35 motion was pending in the state Superior Court he also filed for Post Conviction Relief Application on 23 May 1997. The state Superior Court denied his application in April 2003 and Petitioner properly and timely filed for an appeal of Post Conviction Relief Application that was denied on 14 Dec 2006.

Petitioner timely filed for Habeas review of his state conviction under 28 USC § 2254 on 5 Sept 2007 well within the one (1) year limitation of § 2244 (d) (2).

## ARGUMENT IN FULL

Petitioner avers that Magistrate Almond did misconstrue the RI Rules of Criminal Procedure as a non-attack against his sentence in this case

and he was following proper procedure for the RI Courts in exhausting all his legal avenues under RI Law, and thought himself proper before the Federal Courts in his constant struggle for Justice in the states Court system.

One year time limit for filing habeas Petitioner added by Antiterrorism and effective death penalty act of 1996, is statute of limitations subject to equitable tolling, not Jurisdictional bar; statutory language does not speak in jurisdictional terms, legislative history is equally clear and statutes of limitations are presumptively subject to equitable tolling.

Calderon V United States Dist Court, (1997,CA 9 Cal) 112 F3d 386.

Because of Petitioners limited under standing of RI Law and its usages he relied heavily upon his RI Attorney to do all the proper and timely procedures in his State case. He was told and later read that the avenues taken by his Attorney were not proper.

EQUITABLE TOLLING:

1) The doctrine that the statute of limitation will not bar a claim if the Plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired. Equitable tolling does not require misconduct by the defendant [cases: limitation of action # 104.5 C.J.S. limitations of actions §§ 85-86,121].

2) The doctrine that if a Plaintiff files a suit first in one Court and then refiles in another, the statute of limitation does not run while the litigation is pending in the first Court if various requirements are met. Among those require are (1) timely notice to the defendant; (2) No prejudice to the defendant; and (3) reasonable and good faith conduct on part of the Plaintiff.

Blacks Law Dictionary sixth edition.

Petitioner does contend that no matter how small the probability of it happening , that when he in good faith did proceed to the RI Rule of Crim. Proc Rule #35 (a) for sentence reduction, if said reduction had substantially lowered his sentence to a low enough amount than a 28 USC § 2254 would have been moot, and that he only had 120 days to act on said rule or loose that avenue for relief forever. It is not the Petitioner fault in good faith to leave possible stone unturned in his quest for justice.

One year limitation period in 28 USC § 2244 did not violate suspension clause's prohibition on suspending writ of habeas corpus since limitation is not jurisdictional and may be subject to equitable tolling : period begins to run in accordance with individual circumstances that could reasonable affect availability of remedy.

Miller v Marr (1998 CA 10 COLO) 141 F3d 976.

Because the issue of tolling by a motion to reduce has not been directly addressed by the first circuit court of appeal at this time and since equitable tolling has been decided as part of 28 USC § 2244 than

this is must be allowed to proceed to a full hearing before the Court of appeals for complete arguments and final decision , because of the Judicial system, its laws and their usages in the RI Courts against the Federal Laws and there proper usage.

This also does address the Petitioners concern to Magistrate Almonds and Justice Smith use of dismissal with prejudice in this matter.

**WHEREFORE,** THE Petitioner prays this Court to accept this memorandum in support and issue an Certificate of Appealability at this time to him so he may proceed to the First Circuit in a proper and timely manner.

1/24/08

Date

Respectfully Submitted

Khalil Kholi pro/se

Khalil Kholi Pro/Se

Med 1 DR-40

P.O. BOX 8274

Cranston, RI 02920

CERTIFICATION

I certify that one copy of this motion was sent by first class U.S. Mail to; The office of the Attorney General office at 150 South Main street, Providence, RI 02903, The office of A.T.Wall 40 Howard Avenue, Cranston, RI 02920 on this the 24 day of January 2008.

Kholi Khalil Pro/Se

Kholi Khalil Pro/Se