UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

KHALIL KHOLI             :
                         :
    v.                   :    C.A. No. 07-346M
                         :
A.T. WALL                :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

    Before this Court is the Petition for Writ of Habeas Corpus filed pro se by Khalil Kholi pursuant to 28 U.S.C. § 2254. (Document No. 1). The State of Rhode Island filed a Motion to Dismiss the Petition, arguing that Petitioner failed to exhaust his State Court remedies as to several of the claims, and that the remainder of his claims fail to state a claim upon which relief may be granted. (Document No. 41). Petitioner filed an Opposition to the Motion to Dismiss. (Document No. 43). The State's Motion to Dismiss has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). I have determined that no hearing is necessary.

    After reviewing the memoranda submitted by the parties and considering relevant legal research, I conclude that, as to four of Petitioner's six claims for relief, he has not exhausted his available State Court remedies as required by 28 U.S.C. § 2254(b)(1). In other words, this is a mixed Petition containing both exhausted and unexhausted claims. Also, as to the four unexhausted claims, I do not find that the Petitioner has shown good cause for his failure to exhaust his state remedies. Accordingly, I do not recommend that the Court stay this case and hold it in abeyance

until Petitioner fully exhausts. However, in light of the presence of the two exhausted claims, dismissal of the case on the merits is also not warranted at this time. Therefore, the Court is recommending that Petitioner be granted thirty (30) days from the date of the District Judge's ruling on this Report and Recommendation to drop his four unexhausted claims from this Petition and proceed on the remaining two exhausted claims. If he fails to do so, I recommend that the State be allowed to renew its Motion to Dismiss the Petition in its entirety without prejudice.

**Background**

In December 1993, Petitioner was convicted in Rhode Island Superior Court of ten counts of first-degree sexual assault on his two stepdaughters over a ten-year period – 1981 to 1991.[1] Petitioner was sentenced to consecutive life sentences in 1994. On May 16, 1996, Petitioner filed a Motion to Reduce Sentence pursuant to R.I. Super. Ct. R. Crim. P. 35(a) ("Rule 35"). His Rule 35 Motion was denied by the Superior Court, and the denial was affirmed by the Rhode Island Supreme Court ("RISC") on January 16, 1998. See State v. Kholi, 706 A.2d 1326 (R.I. 1998). The Supreme Court found no abuse of discretion by the Superior Court in declining to reduce Petitioner's sentence and noted that "the facts clearly justify the [Petitioner's] sentence," i.e., that "[t]he evidence adduced at trial was that the [Petitioner] had repeatedly sexually abused his stepdaughters from ages five and seven, into their teens." Id. In May 1997, Petitioner filed an application for post-conviction relief alleging ineffective assistance of counsel and requesting a new trial due to newly discovered evidence of witness bias. After appointing counsel to represent Petitioner and holding an

---

[1] Much of the relevant factual and procedural background to this case is set forth in the Rhode Island Supreme Court's February 29, 1996 Decision which rejected Petitioner's direct appeal and affirmed his convictions. See State v. Kholi, 672 A.2d 429 (R.I. 1996).

evidentiary hearing, the Rhode Island Superior Court rejected these arguments and denied the post-conviction relief application in April 2003. The RISC affirmed the denial on December 14, 2006. See Kholi v. Wall, 911 A.2d 262 (R.I. 2006).

Following the RISC's denial of his post-conviction relief motion, Petitioner filed the present habeas corpus action on September 5, 2007,[2] claiming six grounds for relief. Grounds One, Two and Six raise ineffective assistance of counsel claims; Ground Three raises a defective indictment claim; Ground Four raises an innocence claim; and Ground Five raises a Rule 16 discovery violation claim. See Document No. 1. On September 13, 2007, District Judge Smith ordered the State to submit a response to the Petition, and the State filed a Motion to Dismiss on September 21, 2007 arguing that the Petition was barred by the one-year statute of limitations contained in 28 U.S.C. § 2244. The dispositive issue on the State's Motion to Dismiss was whether the State Court Rule 35 Motion filed by Petitioner tolled the statute of limitations for filing his habeas claims in Federal Court. After reviewing the arguments, I determined that a Rule 35 Motion did not toll the limitations period and recommended that the Petition be dismissed as untimely. (Document No. 12). The District Court agreed and accepted the Report and Recommendation and entered judgment for the State of Rhode Island. (Document No. 15). Petitioner appealed, and the Court of Appeals for the First Circuit overturned this Court's ruling. The matter was appealed to the United States Supreme Court, which affirmed the ruling of the Court of Appeals and reinstated the Petition. Wall v. Kholi, 131 S.Ct. 1278 (2011).

---

[2] Although his Petition was not filed with the Court until September 12, 2007, Petitioner states that it was deposited in the prison's mail system on September 5, 2007. See Petition at p. 19. A pro se prisoner's motion under 28 U.S.C. § 2254 is deemed filed on the date the petition is deposited in the prison's internal mail system. See Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999).

Subsequently, the matter was remanded to this Court, and the State was ordered to file a response to the Petition. In its July 20, 2011 Motion to Dismiss (Document No. 41), the State argues that four of Petitioner's six claims are unexhausted and that the remaining two claims should be dismissed on their merits. The State requests that the Court either dismiss the pending Petition without prejudice, or allow Petitioner to delete his unexhausted claims so that the exhausted claims may be addressed on their merits.

**Discussion**

With the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress restricted the power of federal courts to grant habeas relief to prisoners. See 28 U.S.C. § 2254. As a prerequisite to filing a habeas claim in Federal Court, a State Court prisoner must have exhausted all available State Court remedies with respect to each claim raised in the federal Petition. See 28 U.S.C. § 2254(b)(1)(A) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."). The "exhaustion prerequisite" for filing a federal habeas corpus claim was created, "[i]n recognition of the state courts' important role in protecting constitutional rights..." and "holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). "Exhaustion obligations mandate that a habeas petitioner present, or do his best to present, his federal claim to the state's highest tribunal." Id. at p. 263. The exhaustion prerequisite contained in 28 U.S.C. § 2254 "is rooted in principles of comity which

counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked." Barber v. Moran, 753 F. Supp. 421, 422 (D.R.I. 1991).

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court held that a district court may issue a "stay and abeyance" order which would allow a petitioner to present his unexhausted claims to the state court and then to return to federal court for review of his perfected habeas petition. Id. at p. 270. However, such an order is to be made at the discretion of the particular district court and should be "available only in limited circumstances." Id. at p. 277. The Rhines Court made clear that use of the stay-and-abeyance procedure by the district courts is necessarily circumscribed. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. When there is not "good cause," the Court may allow the petitioner to dismiss the unexhausted claims from the "mixed" petition, if the petitioner wishes to do so. See Nowaczyk v. Warden, 299 F.3d 69, 75-76 (1st Cir. 2002). Furthermore, if a mixed petition is not stayed under Rhines, "[t]he Supreme Court has made it clear that if each claim in a petition for a writ of habeas corpus has not been exhausted, the district court must dismiss the entire mixed petition." Esteves-Gonzalez v. Ocasio, Civil No. 09-1707CCC, 2012 WL 1110579 at *3 (D.P.R. March 30, 2012).

In this case, the State argues that the Court should either dismiss the pending Petition without prejudice or allow Petitioner to delete the unexhausted claims from his Petition so that the exhausted claims may be addressed on their merits. Petitioner does not directly dispute that four of his claims

-5-

are unexhausted. In his Petition, Petitioner affirmatively indicates (by checking "no" on the § 2254 Form) that he did not present either Grounds One, Two or Three to the State Court on direct appeal or in post-conviction proceedings. (Document No. 1 at pp. 6-10). As to Ground Four (innocence), Petitioner indicates that he did present this argument to the State Court on direct appeal and in post-conviction proceedings. Id. at p. 11. However, a review of the RISC decisions on direct appeal and on post-conviction relief indicates that this specific argument was not exhausted, although an underlying claim of innocence can be implied from his various arguments.

In fact, Petitioner acknowledges in his Opposition that he "knew of the unexhausted issues, at and before the first post conviction relief application" but argues that "to return to the RI Judicial System, would be a moot point" because he would be "denied a second post conviction relief application." (Document No. 43 at p. 2). Petitioner has not set forth any justification, much less "good cause," for his failure to exhaust his state court remedies as required by AEDPA. Additionally, Petitioner states that he "indeed will not withdraw any part of his" Section 2254 Petition and, if he did so, "he will just be denied any recourse under RI State Law." Id. at p. 1. He argues that "[t]he exhaustion rule is not set in stone and by the §2254's own form instructions direct the Petitioner should put down all issues, exhausted or not." Id. at p. 2. He notes that if he fails to present all of his claims in his initial Petition, he loses them, and "for that reason alone, the Petitioner refuses to give up his rights to have all issues ruled on by this court." Id. at p. 3.

Petitioner has not established "good cause" for his failure to exhaust all of his claims and thus stay and abeyance under Rhines is not warranted. He does not claim that the issues were unknown at the time he filed his State Court post-conviction relief application, nor does he provide

this Court with any legitimate justification for his failure to exhaust his claims. He simply wants to be excused from the exhaustion requirement. In addition, absent good cause, he is not entitled to a stay in this Court while he exhausts. In fact, it is clear from Petitioner's "Argument to Proceed to a Full Hearing on His 28 USCS § 2254" that he does not want the opportunity to exhaust and that he believes any such attempt would be futile. (Document No. 43).

Petitioner acknowledges that "he would be denied a second post conviction relief application...because he knew of the unexhausted issues, at and before the first post conviction relief application...." Id. at p. 2. While a post-conviction relief application can be filed "at any time"[3] under Rhode Island law, R.I. Gen. Laws § 10-9.1-3, "Section 10-9.1-8 provides a procedural bar [as to subsequent applications] not only to issues that have been raised and decided in a previous postconviction-relief proceeding, but also to 'the relitigation of any issue that could have been litigated in a prior proceeding, even if the particular issue was not raised.'" Ferrell v. Wall, 971 A.2d 615, 620 (R.I. 2009) (quoting Ouimette v. State, 785 A.2d 1132, 1138 (R.I. 2001)). Thus, Petitioner surmises that he would be unsuccessful in raising his unexhausted claims (Grounds One, Two, Three and Four) in State Court because of the waiver/res judicata principles embodied in R.I. Gen. Laws § 10-9.1-8. However, the waiver imposed by R.I. Gen. Laws § 10-9.1-8 is not absolute and provides relief where "the court finds that in the interest of justice the applicant should be permitted to assert such a ground for relief." Thus, although Petitioner will likely face an uphill battle in pursuing his unexhausted claims in a second post-conviction relief application in State Court, he has not shown

---

[3] In Raso v. Wall, 884 A.2d 391 (R.I. 2005), the RISC interpreted this statutory term to mean "at any reasonable time" and subject to the affirmative defense of laches.

it to be a legal impossibility.[4]  Section 2254(b) expressly conditions access to habeas relief on the exhaustion of available state court remedies, and it is undisputed that Petitioner has failed to exhaust as to four of his six claims.  As previously noted, the mandatory exhaustion prerequisite contained in 28 U.S.C. § 2254 "is rooted in principles of comity which counsel that state courts be afforded an opportunity to deal with alleged constitutional violations arising from their proceedings before federal jurisdiction may be invoked."  Barber v. Moran, 753 F. Supp. at 422.

In addition to the waiver argument, Petitioner also seeks to be excused from exhaustion because he "has not been able to receive constitutional justice in the Rhode Island judicial system, as said system is so corrupt that they don't even follow their own laws."  (Document No. 43 at p. 1).  However, Petitioner provides absolutely no factual or legal support for his claims of corruption.  Similarly, Petitioner's claims of innocence are conclusory and factually unsupported.  While exhaustion may be excused when a petitioner presents "colorable claims of actual innocence," Coningford v. Rhode Island, 640 F.3d 478, 482 n.2 (1st Cir. 2011) (citing House v. Bell, 547 U.S. 518, 522 (2006)), Petitioner here has not presented any colorable claim of actual innocence.  He simply professes that he has "always held himself before the Court as innocent" and "doesn't know why the allege victims are saying it."  (Document No. 43 at p. 2).[5]

---

[4] For instance, three of Petitioner's unexhausted claims (Grounds One, Two and Three) arise out of legal challenges to the Indictment which Petitioner asserts he did not receive until August 14, 2007.  Thus, despite the fact that Rule 10, R.I. Super. Ct. R. Crim. P., requires that a defendant shall be given a copy of the indictment at arraignment, Petitioner could argue to the State Court under R.I. Gen. Laws § 10-9.1-8 that the "interest of justice" should permit him to pursue a second application based on the alleged failure to receive the indictment until 2007.

[5] From the RISC's decision on direct appeal, it is clear that both of the victims testified at trial and the Petitioner testified in his defense.  Further, it is clear from the jury's guilty verdicts that the jurors believed the victims and not the Petitioner.  Also, in affirming the denial of Petitioner's Rule 35 Motion, the RISC noted that the evidence of repeated, long-term sexual abuse adduced at trial "clearly justify the [Petitioner's life] sentence."  706 A.2d at 1326.

**Conclusion**

For the foregoing reasons, I recommend that Petitioner be granted thirty (30) days from the date of the District Judge's ruling on this Report and Recommendation to drop his unexhausted claims (Grounds One, Two, Three and Four) from this mixed Petition. If he does so, then the Court can address his two exhausted claims (Grounds Five and Six) on the merits. If he fails to do so, I recommend that the State be allowed to renew its motion to dismiss this Petition in its entirety without prejudice due to failure to exhaust.[6]

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 17, 2012

---

[6] Petitioner is warned that, if he decides not to drop his unexhausted claims from this Petition and the District Court dismisses the Petition in its entirety without prejudice, he may be barred by the one-year limitations period from filing a "new" Petition in this Court in the future including one which includes his exhausted claims. See Sullivan v. Saba, C.A. No. 10-cv-30194-MAP, 2012 WL 52440 at *7 (D. Mass. Jan. 5, 2012). This potential adverse consequence is why the Supreme Court in Rhines provided that, in lieu of outright dismissal, the District Court may allow a petitioner to delete unexhausted claims and proceed solely as to exhausted claims so that his right to seek federal relief as to exhausted claims is not unreasonably impaired. Rhines v. Weber, 544 U.S. at 278.